UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAIME LASTOVICH,

    Plaintiff,

v.                                                      Case No. 20-CV-886

DEBRA KNISBECK *et al.*,

    Defendants.

## ORDER

Plaintiff Jamie Lastovich, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) On November 17, 2020, Judge J.P. Stadtmueller screened Lastovich's complaint and allowed him to proceed on an Eighth Amendment deliberate indifference claim against defendants Debra Knisbeck and Tammy Wollen. (ECF No. 11.) Defendant Wellpath Medical Provider was dismissed because Lastovich alleged only specific, discrete instances where employees of Wellpath failed to provide proper medical care to him instead of identifying a custom or policy of Wellpath's that violated his constitutional rights. (*Id.* at 9.)

On January 27, 2021, Lastovich filed a motion to reinstate Wellpath as a defendant. (ECF No. 28.) The court construes this as a motion to reconsider the screening order. In support of his motion, Lastovich gives several instances where

Wellpath's employees allegedly failed to properly treat him. As in his complaint, Lastovich alleges only specific instances and does not allege that the Wellpath employees violated his rights as a result of a custom or policy. He is simply taking issue with the way the court evaluated and considered his allegations when screening the complaint. That is not a basis for granting his motion for reconsideration. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). The court denies his motion for reconsideration.

Lastovich also wishes to amend his complaint to add Dodge County Sherriff Dale Schmidt, Dodge County Detention Center, and Jail Administrator Tony Brugger as defendants. (ECF No. 28 at 5). Under Federal Rule of Civil Procedure 15(a), "courts should freely allow pleading amendments 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Also, Civil Local Rule 15(a) requires that "[a]ny amendment to a pleading . . . must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." Civil Local Rule 15(b) requires that a motion to amend a pleading "must state

specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."

Lastovich's motion does not follow the Civil Local Rules because he did not include the entire amended complaint with his motion. This is not the first time the court has informed Lastovich of the requirements of the local rules concerning amending his complaint. He previously moved to amend his complaint to add the Dodge County Detention Center, and the court denied the motion both because he failed to follow the rules and because Dodge County Detention Facility is not a person that can be used under § 1983. (ECF No. 26.) For the same reasons as before, Lastovich will not be permitted to amend the complaint to add Dodge County Detention Center as a defendant.

Nor will Lastovich be permitted to amend the complaint to add Dodge County Sherriff Dale Schmidt and Jail Administrator Tony Brugger as defendants. Even if Lastovich had followed the local rules and included a complete amended complaint with his motion, allowing the amendment to add these defendants would be futile. Lastovich alleges that Schmidt and Brugger oversaw Wellpath employees, thus they should be held liable for their actions. Supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. However, Lastovich does not allege that Schmidt

3

and Brugger knew of the specific instances where Wellpath employees mistreated him. At most he states that he used the jail's grievance system and implies that Schmidt and Brugger knew or should have known about the instances through the grievances. However, officials who review grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). The court denies Lastovich's motion to amend the complaint.

**IT IS THEREFORE ORDERED** that Lastovich's motion to reconsider the screening order and motion to amend the complaint are **DENIED**. (ECF No. 28).

Dated in Milwaukee, Wisconsin this 24th day of February, 2021.

STEPHEN C. DRIES
United States Magistrate Judge

4