UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAIME LASTOVICH,

    Plaintiff,

 v.                                                            Case No. 20-CV-886

DEBRA KNISBECK *et al.,*

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jamie Lastovich, who is representing himself and is incarcerated at Dodge Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. Lastovich alleges that the defendants were deliberately indifferent to his serious medical needs during his various stays at Dodge County Correctional Facility. The defendants filed a motion for summary judgment. (ECF No. 64.) Lastovich also filed a second motion to compel. (ECF No. 79.) This order resolves those motions.

The defendants filed their motion for summary judgment on November 29, 2021. (ECF No. 64.) The next day, the court sent Lastovich a Notice and Order informing him that he had until December 29, 2021, to respond. (ECF No. 69.) Specifically, the notice and order informed Lastovich what exactly he needed to do to respond to the defendants' motion:

> In responding to the motion, Lastovich must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a

> particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Lastovich must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.1 An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. Lastovich must also respond to the legal arguments in the brief.

(ECF No. 69 at 1-2.) The notice and order also informed Lastovich that, if he did not respond to the defendants' motion, "the court will accept all facts asserted by the defendants as undisputed and may grant the motion as a sanction for noncompliance." (*Id.* at 2.) Finally, the court also stated that if Lastovich needed more time to prepare his response materials he could ask for an extension of time. (*Id.*)

Instead of filing a response to the defendants' summary judgment motion, Lastovich filed a motion to compel and his seventh and eighth motions to appoint counsel. (ECF Nos. 60, 70.) In ruling on these motions, the court reminded Lastovich what was required of him to litigate this case. (ECF No. 71 at 1-2.) At the time, Lastovich was out of custody, and the court provided him resources he could use to respond to the defendants' motion for summary judgment. (*Id.*) Regarding the motion to compel, the court noted that the defendants had already provided Lastovich with the requested materials, so the court denied the motion as moot. (*Id.* at 2.) The court also informed Lastovich that if he wanted additional information, he would have to file a motion to reopen discovery and explain to the court why he

2

did not request that information during the discovery period. (*Id.*) Finally, the court extended the deadline by which Lastovich could respond to January 31, 2022. (*Id.* at 3.) The court again warned Lastovich that failure to respond by the deadline would result in the court accepting all the defendants' facts as undisputed. (*Id.*)

On January 18, 2022, Lastovich filed a document that stated, "I'm writing to let the court known [*sic*] some more facts in response to the defense's motion for summary judgment." (ECF No. 75 at 1.) The court construed this as Lastovich's response to the defendants' motion for summary judgment.

Then on March 14, 2022, Lastovich filed a motion to compel stating "Well, I got the court's letter the other day containing the defense's motion from November 29, 2021. What I've figured out is there is no way for me to respond to this because the defense never gave me all the stuff I requested in discovery." (ECF No. 79 at 1.) He then proceeds to list what the defendants failed to provide him. He admits he has not followed up with the defendants as to why he was not provided these materials.

The timeline of these events is murky. Regarding Lastovich's second motion to compel, by the time Lastovich filed his first motion to compel, discovery had already closed, and the court found the defendants had fully responded to Lastovich's discovery requests. The court explicitly and in plain language informed Lastovich that if he wanted more materials in discovery, he would have to file a motion to reopen discovery. Lastovich's second motion to compel seems to deal with additional information Lastovich requested from the defendants outside of the

3

discovery window. If that is not the case, and Lastovich thinks that the defendants did not properly respond to his discovery requests that he submitted within the discovery window, Lastovich should have then filed a motion for reconsideration of the court's ruling on his first motion to compel. Lastovich has moved for reconsideration of other issues in this case, so he is aware of the option. Regardless, it appears that Lastovich failed to comply with Federal Rule of Civil Procedure 37 and make a good faith attempt to confer with the defendants regarding his discovery requests. His second motion to compel is therefore denied.

As for the defendants' motion for summary judgment, Lastovich now appears to be representing that he did not receive the defendants' motion for summary judgment until the beginning of March after he sent the court a letter requesting another copy. However, on January 18, 2022, he filed a document that explicitly states it is a response to the defendants' motion for summary judgment. It also appears that Lastovich has no intention of filing an additional response because he states he is unable to, and he requests that the defendants' motion be denied as a sanction for not responding to his discovery requests.

For the reasons stated above, the court will not deny the defendants' motion as a sanction. It appears to the court they have fully complied with properly submitted discovery requests. Also, the court accepts Lastovich's January 18, 2022, filing as his timely response to the defendants' motion for summary judgment and will rule on the defendants' motion based on that submission.

4

Lastovich's response is deficient. He did not comply with the local rules. Civil Local Rule 56(b)(2) outlines what a party opposing a motion for summary judgment must file in response:

> (A) a memorandum of law;
> (B) a concise response to the moving party's statement of proposed findings of fact that *must* contain
>   (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, *specific references* to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
>   (ii) a statement, consisting of short numbered paragraphs of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph . . . .
> (C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

Civ. L.R. 56(b)(2) (emphasis added). Instead, Lastovich submits a vague rejection of the defendants' story without explaining why their defense is not valid. While district courts may overlook a plaintiff's noncompliance with local rules by construing the limited evidence in the light most favorable to the plaintiff, and courts must construe *pro se* submissions leniently, that does not mean that the rules may be ignored. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); see also *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (recognizing that district courts are entitled to insist on strict compliance with the local rules). In other words, the leniency with which the court construes *pro se* submissions does not relieve *pro se*

plaintiffs of their obligation to show that genuine issues of material fact exist that preclude the entry of summary judgment for the movant.

On several occasions, the court has explained to Lastovich in plain language what was expected of him. He was given a Prisoner and Pro Se Guide with his screening order that outlined what was expected of him. (ECF No. 11-1.) The scheduling order issued May 26, 2021, contained the relevant Civil Local Rules and Federal Rules of Civil Procedure. (ECF No. 50.) And in response to no less than eight motions for counsel[1], the court has informed Lastovich what was required of him. In consideration of those motions, the court has come to the conclusion that Lastovich is able to follow these simple instructions. Lastovich is a prolific filer and has had no qualms about raising several issues before the court. He has also demonstrated that he can follow instructions when he wants to. Finally, I note that the defendants' motion complied with local rules by attaching the rules governing summary judgment motions to their own motion. ECF No. 64.

In short, Lastovich had ample opportunity and the means to properly respond to the defendants' motion for summary judgment, but he failed to submit any affidavits, sworn declarations, or other admissible documentary evidence supporting his arguments, or even substantively respond to the defendants'

---

[1] In all of Lastovich's recent filings, he again requests an attorney. It appears to the court that Lastovich has decided to simply refuse to litigate this case unless the court recruits an attorney. The court has already told Lastovich several times that he is not entitled to an attorney because he has demonstrated he is able to litigate this case. The court has not construed any of these filings as additional motions for counsel, but to the extent they are, they are denied for the reasons stated in its December 21, 2021, order. (ECF No. 71.)

arguments. He was also made aware of the consequences should he fail to follow the rules. As such, the court accepts the defendants' proposed findings of fact as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment.

In particular, the defendants have demonstrated that they conducted a thorough medical exam and provided ample treatment upon Lastovich's presentation for respiratory symptoms. ECF No. 65 at ¶¶ 30-41. Defendant Knisbeck also ordered blood work to rule out infection. About five weeks later, Lastovich submitted a request indicating his belief that he had "walking pneumonia" and was having trouble breathing. *Id.* at ¶ 44. However, he withdrew the request two days later, indicating "I feel better." *Id.* at ¶ 45. Lastovich's response indicates that he was really feeling only a "little" better and that in cancelling the request he was trying to save a co-pay. However, the defendants would not have known that. Failing to treat an unknown illness is not a violation of the Eighth Amendment. In short, the defendants' proposed facts demonstrate adequate medical care.

Accordingly, the defendants' motion is granted, and the case is dismissed.

## ORDER

**IT IS THEREFORE ORDERED that** Lastovich's second motion to compel (ECF Nos. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that that the defendants' motion for summary judgment (ECF No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 1st day of April, 2022.

STEPHEN C. DRIES
United States Magistrate Judge